UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONROE JONES,<br>Inmate No. 932302981512-14,<br><br>                                 Plaintiff,<br><br>       vs.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>                                Defendant. | Case No.: 3:20-cv-02061-JAH-AGS<br><br>**ORDER:**<br><br>**(1) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR IMPROPER VENUE PURSUANT TO 28 U.S.C. § 1391(e) AND 28 U.S.C. § 1406(a)** |

      Plaintiff Monroe Jones ("Plaintiff"), currently incarcerated at San Luis Regional Detention and Support Center ("San Luis") in San Luiz, Arizona, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. Sections 1983 and 1986 and *Bivens v. Six*

*Unknown Named Agents*, 403 U.S. 399 (1971).  (*See* ECF No. 1, Compl.)  Plaintiff takes issue with certain federal prison policies that he argues favor undocumented immigrants in federal custody over U.S. citizen inmates.  (*See generally id.*)

Plaintiff has not prepaid the $400 civil and administrative filing fee required by 28 U.S.C. Section 1914(a) or filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. Section 1915(a)(1).

## I.     Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a civil action nor has he submitted a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(a).  Therefore, his case cannot yet proceed.  *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II.    Venue

The Court also finds that as Plaintiff's Complaint currently stands, venue for this

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

action is improper in the Southern District of California.  Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not yet run.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  Plaintiff bears the burden of demonstrating that venue is proper in his chosen district.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Section 1391(e) of Title 28 of the U.S. Code sets forth the venue(s) in which civil actions may be brought against "a defendant [who] is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States . . . ."  28 U.S.C. § 1391(e)(1).  The sole Defendant named in the Complaint is the U.S. Department of Justice, which clearly falls within the scope of Section 1391(e)(1).  Section 1391(e)(1) specifies three possible venues in which such an action may be brought: "any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391(e)(1).

As presently alleged, venue would clearly be proper in two districts: the U.S. District Court for the District of Columbia and the U.S. District Court for the District of Arizona.  The Department of Justice, the only named Defendant in this action, is an Executive Branch agency and resides for venue purposes in Washington, D.C. within the U.S. District Court for the District of Columbia.  *See, e.g.*, *Eliason v. U.S. Dep't of Justice*, Civ. No. 20-00257-JAO-WRP, 2020 WL 3258407, at *2 (D. Haw. June 16, 2020); *see also Downey v. U.S.*, Civ. No. 19-00406-LEK-WRP, 2019 WL 4143288, at *4 (D. Haw. Aug. 30, 2019) ("The fact that there is a United States Attorney for the [Southern District of California] does not render the United States a resident of [the

Southern District of California] for purposes of venue." (citation omitted)).  As a result, venue would be proper there under the first prong of 28 U.S.C. Section 1391(e)(1).  The events or omissions giving rise to the Complaint appear to have occurred at San Luis in the U.S. District Court for the District of Arizona, where Plaintiff is currently incarcerated.  Accordingly, venue would be proper there as well under the second prong of 28 U.S.C. Section 1391(e)(1).

It is possible that Plaintiff could demonstrate that venue is proper in the Southern District of California based on the third prong of Section 1391(e)(1), but only if he alleges that he is a resident of the Southern District of California.  Because residence for venue purposes focuses on the place of domicile, not residence, the fact that Plaintiff currently resides at San Luis is not necessarily dispositive of this issue.  *See* 28 U.S.C. § 1391(c)(1) ("a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled . . . ."); *see also* 14D Wright & Miller, *Fed. Prac. & Proc. Juris.* § 3805 (4th ed. 2020) ("[A] prisoner usually is considered a temporary inhabitant of the place where incarcerated and thus 'resides' for venue purposes where domiciled before imprisonment." (collecting cases)).  In the absence of an allegation that Plaintiff is a resident of the Southern District of California, however, venue is not proper here under the third prong of 28 U.S.C. Section 1391(e)(1).

Pursuant to 28 U.S.C. Section 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Since Plaintiff's case already must be dismissed for failure to prepay filing fees or submit a properly supported motion to proceed IFP, and given that Plaintiff may ultimately be able to show that venue is proper in this District, the Court finds that the interests of justice weigh in favor of dismissal without prejudice rather than transfer.

### III. Conclusion and Order

For the reasons set forth above, the Court hereby:

(1)     **DISMISSES** this action sua sponte without prejudice for failure to pay the $400 civil filing and administrative fee or to submit a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. Section 1914(a) and Section 1915(a) and for improper venue pursuant to 28 U.S.C. Section 1391(e)(1) and Section 1406(a); and

(2)     **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to:  (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a properly supported Motion to Proceed IFP.  *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b).

(3)     **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed in which to file an Amended Complaint which cures the venue deficiency noted above.  Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading.  Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.  *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").  If Plaintiff cannot allege that he is a resident of the Southern District of California or demonstrate that venue is otherwise proper in the Southern District of California, he must refile his case in a proper venue.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."  If Plaintiff fails to prepay the $400 civil filing fee or complete and submit a properly supported Motion to Proceed IFP within 45 days, and/or submit an amended pleading addressing the venue deficiency identified above within 45 days, this action will remain dismissed without prejudice based on Plaintiff's failure to

///

///

1 satisfy the fee requirements of 28 U.S.C. Section 1914(a) and/or for improper venue
2 pursuant to 28 U.S.C. Section 1406(a) without further order of the Court.
3 **IT IS SO ORDERED.**
4 Dated: October 29, 2020

Hon. John A. Houston
United States District Judge